ERIC GRANT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>        v.<br><br>JULIAN ORTIZ,<br><br>                   Defendant. | CASE NO.  2:24-CR-00302-JAM<br><br>UNITED STATES'S MOTION FOR<br>RECONSIDERATION |

The United States, by and through Assistant United States Attorney Jason Hitt, respectfully submits this motion to reconsider the Court' Order dismissing the Indictment against defendant Julian Ortiz ("defendant"), filed on November 12, 2025.  ECF 30.

## BACKGROUND

On November 12, 2025, the Court issued an Order granting defendant's motion to dismiss the Indictment based upon a lapse in funding caused by Congressional inaction that affected counsel appointed pursuant to the Criminal Justice Act ("CJA"), including counsel for the defendant in this case. ECF 30, at 12.  As its rationale for dismissing the Indictment, the Court relied on "Congress's prolonged failure to provide funding for defense counsel []."  ECF 30, at 7.  Recognizing that this was an "issue of first impression with no known appellate court precedent," ECF 30, at 1, the Court "administratively stay[ed]" the Order "until November 21 at 5:00 p.m." in order to "permit the Government to seek appellate review of this Order, should it decide to do so" or "file a motion for reconsideration should the

current Government shut down end and adequate funding and resources to prepare for trial be provided to Defendant in a timely manner."  ECF 30, at 12.

## ANALYSIS

"[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (citing *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)); *see* L.R. 430.1(i) (authorizing motions for reconsideration where "new or different facts or circumstances" "exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion."  L.R. 430.1(i)(3).

In this case, the Court may reconsider its dismissal Order because it retained jurisdiction over its Order by administratively staying it until November 21, 2025.  *Smith*, 389 F.3d at 948; *see Santa Monica Baykeeper*, 254 F.3d at 886 ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure.").  Moreover, since the Court's Order, there are "new" and "different" facts and circumstances that exist that did not exist when the Court issued its dismissal Order.  L.R. 430.1(i)(3).  Specifically, within hours of the Court's dismissal Order, on November 13, 2025, the President signed into law HR 5371.  https://www.congress.gov/bill/119th-congress/house-bill/5371/text (last accessed November 13, 2025).  Section 144 of the bill provides funding for CJA lawyers, including counsel for the defendant in this case.  Specifically, HR 5371 appropriated "$1,564,373,000" to be "apportioned up to the rate for operations necessary to make payments, including to panel attorneys and related service providers, due under sections 3006A and 3599(g) of title 18, United States Code."  *Id.*  According to information provided by the Federal Defender for the Eastern District of California and Chief Judge Troy L. Nunley, the passage of HR 5371 means that CJA panel attorney payments may now be processed with payments to be made in daily batches of 4,000 in sequential order starting with the oldest payments.  In addition, the funding includes an increase in the money allocated in order to cover the backlog of CJA panel attorney payments.  *See* https://fingfx.thomsonreuters.com/gfx/legaldocs/movabjkkrpa/11132025ao_memo.pdf, at 1–2 (last accessed on November 17, 2025) ("The CR funds the Judiciary at FY 2025 levels with the exception of Defender Services, which receives a $114 million increase above a hard freeze to address the backlog of

panel attorney payments.").  It is estimated that the first payments will reach the Treasury Department for disbursement early next week.

Because the sole rationale for the Court's dismissal Order is now moot based upon the restoration of funding, this changed circumstance provides grounds for the Court to reconsider its previous dismissal Order.  Indeed, the Court accounted for such a changed circumstance, and a resulting motion for reconsideration, in its Order.  Accordingly, the United States respectfully moves for the Court to reconsider its Order dismissing the Indictment based upon changed circumstances, vacate that Order, and set a status conference in this case as soon as practical in order to set trial and address whether time should be excluded from the Speedy Trial Act.

Dated:  November 17, 2025                    ERIC GRANT
                                            United States Attorney

                                      By:   */s/ Jason Hitt*
                                            JASON HITT
                                            Assistant United States Attorney